21-2012 (L)
*Coan v. Dunne*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand twenty-three.

Present:

> PIERRE N. LEVAL,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

RICHARD M. COAN,

> *Plaintiff-Appellee*,

v.

SEAN DUNNE, GAYLE KILLILEA,

> *Defendants-Appellants*.[1]

21-2012 (Lead),
21-2013 (Con),
22-494 (Con)

---

| | |
|---|---|
| For Plaintiff-Appellee: | PETER ANTONELLI (Timothy D. Miltenberger, Cohn Birnbaum & Shea P.C., Hartford, CT, *on the brief*), Curran Antonelli, LLP, Boston, MA |
| For Defendants-Appellants: | LUKE MCGRATH, Dunnington Bartholow & Miller LLP, New York, NY, for Defendant-Appellant Sean Dunne |

---

[1] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

1

G. ERIC BRUNSTAD, JR. (Patrick N. Andriola, New York, NY, *on the brief*), Dechert LLP, New Haven, CT, for Defendant-Appellant Gayle Killilea

Appeal from a judgment of the United States District Court for the District of Connecticut (Jeffrey A. Meyer, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-Appellants Sean Dunne and Gayle Killilea appeal from a judgment of the United States District Court for the District of Connecticut (Jeffrey A. Meyer, *District Judge*), entered on July 19, 2021, following trial, in which the jury returned a split verdict and found, in relevant part, that Dunne engaged in several fraudulent transfers of assets to his former spouse, Killilea, in violation of the U.S. Bankruptcy Code, Irish law, and Connecticut law.

This complex consolidated case involves the bankruptcy of Dunne, a prominent real estate developer from Ireland, whose business suffered after the financial crisis in 2008. The financial difficulties experienced by Dunne's business prompted efforts by creditors and bankruptcy trustees in United States and Ireland to recover from him. As for the efforts in Ireland, Dunne consented to a stipulated judgment against him and in favor of a government-related entity—the National Asset Loan Management, Ltd. ("NALM")—for about $235 million for personal guarantees that he provided to secure debt for his companies. However, in 2012, suspecting that Dunne had concealed assets from his creditors, NALM sued Dunne, Killilea, and several corporate entities (collectively, "Defendants") in Connecticut state court, alleging that Dunne had fraudulently transferred assets to others including Killilea.

In March 2013, while the state court action was pending, Dunne filed for bankruptcy in the U.S. Bankruptcy Court in the District of Connecticut. In January 2015, Plaintiff-Appellee Richard

2

M. Coan, the bankruptcy trustee, moved to intervene in the state court action and removed it to the district court. The district court granted Coan's motion to intervene and denied Defendants' motion to remand. A few months later, Coan initiated an adversary proceeding in the bankruptcy court against Killilea and others premised on Dunne's allegedly fraudulent transfer of assets. In 2018, the state court action and the bankruptcy adversary proceeding were consolidated before the district court. Coan was subsequently substituted for NALM as the plaintiff.

In May 2019, the consolidated case proceeded to trial before the district court. In total, the district court instructed the jury on eighteen counts of fraudulent transfers, both intentional and constructive, under the U.S. Bankruptcy Code, Irish law, and Connecticut law. With respect to the U.S. Bankruptcy Code, the district court instructed the jury that a bankruptcy trustee may avoid a debtor's transfer of assets if the trustee proves by a preponderance of the evidence that (i) the debtor transferred the property that he owned to another party within two years before his bankruptcy filing (the "look back period"), and (ii) the debtor did so with the actual intent to hinder, delay, or defraud his creditors. *See* 11 U.S.C. § 548(a)(1). Likewise, the jury instructions for fraudulent transfers under Connecticut law and Irish law set forth similar elements as the U.S. Bankruptcy Code but with a few differences concerning, for example, the standard of proof and look back period. For each count of fraudulent transfer, the jury was instructed that if it found that Dunne engaged in a fraudulent transfer, it should also determine which of the Defendants, if any, was liable for damages and provide the amount of damages owed.

During trial, the jury heard evidence regarding various assets that Coan claimed that Dunne fraudulently transferred including: (i) an estate in Ireland known as "Walford," (ii) an Irish property located at 81 North Wall Quay, (iii) funds called the "Lucy Partnership Payments," (iv) funds in Dunne's and Killilea's joint Credit Suisse account, and (v) interest in a property named

3

the "IGB Lands." Dunne advanced several theories for why these assets were not eligible for avoidance of transfer. First, Dunne claimed that he did not own Walford at the time of the transfer because he had, in fact, placed the property in a trust for Killilea when he purchased it in 2005. Coan contended that the trust was a sham. Second, Dunne claimed that he did not own the North Wall Quay property at the time of the transfer because it was owned by Page Inns Limited, a company in which Dunne held some kind of interest. Third, Dunne asserted that he was required to transfer the Lucy Partnership Payments to Killilea pursuant to a Swiss court order concerning Dunne's and Killilea's separation agreement. Fourth, Dunne argued that he had no claim to the funds in the joint Credit Suisse account because Killilea treated the account as her own. Lastly, with respect to the IGB Lands, Dunne claimed that his 2005 post-nuptial agreement with Killilea compelled him to transfer his interest in the property to Killilea.

The jury returned a split verdict. Relevant to this appeal, the jury made the following findings:

- Dunne engaged in an intentionally fraudulent transfer of Walford, in violation of the U.S. Bankruptcy Code, and Killilea was liable for €14,000,000 in damages;

- Dunne engaged in a constructively fraudulent transfer of Walford, in violation of the U.S. Bankruptcy Code, but none of the Defendants were liable for the transfer;

- Dunne engaged in an intentionally fraudulent transfer of the North Wall Quay property, in violation of the U.S. Bankruptcy Code, and Killilea was liable for €100,000 in damages;

- Dunne engaged in a constructively fraudulent transfer of the North Wall Quay property, in violation of the U.S. Bankruptcy Code, and Killilea was liable for €200,000 in damages;

- Dunne engaged in three constructively fraudulent transfers of Lucy Partnership Payments, in violation of U.S. Bankruptcy Code, and Killilea was liable for €258,000 in damages;

4

- Dunne engaged in two intentionally fraudulent transfers of Lucy Partnership Payments, in violation of Irish law, and Killilea was liable for €192,706 in damages;

- Dunne engaged in an intentionally fraudulent transfer of funds from his joint Credit Suisse account with Killilea to Killilea's individual account, in violation of Irish law, and Killilea was liable for €3,015,000 in damages; and

- Dunne engaged in an intentionally fraudulent transfer of his interest in the IGB Lands to Killilea, in violation of Irish law, but none of the Defendants were liable for the transfer.

After trial concluded, Dunne and Killilea each moved for post-trial relief including a new trial under Fed. R. Civ. P. 59 ("Rule 59") and judgment as a matter of law under Fed. R. Civ. P. 50 ("Rule 50"). The district court denied those motions. *See Coan v. Dunne*, No. 3:15-CV-00050, 2021 WL 3012678 (D. Conn. July 15, 2021); *Coan v. Dunne*, No. 3:15-CV-00050, 2022 WL 369012 (D. Conn. Feb. 8, 2022).

While the consolidated case was ongoing, a dispute between Yesreb Holding Limited—the entity to which Walford was transferred—and the Irish Revenue Commissioners arose related to the stamp duty for the transfer of Walford. The protracted dispute led to a decision by the Irish High Court issued on May 6, 2021. In its decision, the Irish High Court stated that "Dunne ceased to have any interest in Walford . . . as of 9 October 2006" and that Dunne "entered into a contract dated 28 March 2013 (purporting to be a trustee for . . . [Killilea]) with Yesreb for the sale of Walford." Dunne App'x at 5721. The Irish High Court noted that the parties to the case did "not take issue now with the existence of the trust [for Walford] . . . , despite the belief expressed by the Commissioner [of the Irish Tax Appeals Commission] in her determination that insufficient evidence was adduced in support of the existence of a trust between . . . Dunne and his wife from 1 July 2005." *Id.* at 5711 (internal quotation marks omitted).

5

Now, on appeal, Killilea and Dunne make a number of challenges to the jury verdict. First, Killilea and Dunne argue that the district court erred by limiting the testimony of their expert on Irish trust law and by failing to grant post-trial relief for the purportedly inconsistent jury verdict for Walford and the North Quay Wall property. Second, they argue that the district court erred by failing to grant a new trial and/or direct the verdict on the claims involving the North Quay Wall property and the joint Credit Suisse account. Furthermore, Dunne claims that the district court erred by permitting the jury to decide matters of foreign law when Fed. R. Civ. P. 44.1 demands that the district court do so, failing to give the findings from the Irish High Court regarding Walford a preclusive effect as the principles of comity require, and failing to grant a new trial based on Coan's closing statement.

We review *de novo* the district court's denial of a Rule 50 motion for judgment as a matter of law. *MacDermid Printing Sols. LLC v. Cortron Corp.*, 833 F.3d 172, 180 (2d Cir. 2016).[2] "A Rule 50 motion may be granted only when, considering the evidence in the light most favorable to the non-moving party and drawing all reasonable evidentiary inferences in that party's favor, there was no legally sufficient evidentiary basis for a reasonable jury to find in favor of the non-moving party." *Nimely v. City of New York*, 414 F.3d 381, 390 (2d Cir. 2005). In contrast, we "review a district court's denial of a Rule 59 motion for a new trial for abuse of discretion." *Ali v. Kipp*, 891 F.3d 59, 64 (2d Cir. 2018). In doing so, we "view the evidence in the light most favorable to the nonmoving party, and we will reverse a judgment only if the district court (1) based its decision on an error of law, (2) made a clearly erroneous factual finding, or (3) otherwise rendered a decision that cannot be located within the range of permissible decisions." *Id.* We "will order a

---

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, alteration marks, footnotes, and citations.

new trial only if the district court abused its discretion in deciding that the verdict was not seriously erroneous or a miscarriage of justice." *Id.* at 65. Furthermore, we review "a district [court's] exclusion of evidence from an expert witness for abuse of discretion," *Sarkees v. E. I. Dupont De Nemours & Co.*, 15 F.4th 584, 588 (2d Cir. 2021), and a district court's interpretation of the Federal Rules of Civil Procedure *de novo*, *Williams v. Beemiller, Inc.*, 527 F.3d 259, 264 (2d Cir. 2008).

After an independent review of the record and the applicable law, we affirm the judgment entered in the case for substantially the same reasons as those set forth by the district court in its thorough and exceptionally well-reasoned rulings on Dunne's and Killilea's post-trial motions. *See Coan*, 2021 WL 3012678, at *4-35; *Coan v. Dunne*, 2022 WL 369012, at *2-7.

\* \* \*

We have considered Dunne's and Killilea's arguments and find them unpersuasive. For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

7